COMMISSIONERS OF SINKING FUND *v.* H. C. McDOWELL, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—520.]

**Statute of Limitations.**

Ignorance of one's right will not prevent the statute of limitations from running, and the plea of the statute will not be defeated for any other reason than that the party supposed if he sued he could not recover.

**Abandonment of Contract.**

> Where one bids off the state's interest in a turnpike and executes a bond to carry out the purchase but never pays anything on the contract, and the bond is surrendered after a term of eight years, persons unknown to such contract will not be allowed to recover on it by averring that they were secret partners of the purchaser of said turnpike.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 20, 1885.

Opinion by Judge Pryor:

The purchase by H. I. Todd of the state's interest in the Franklin Division of the Frankfort and Georgetown Turnpike was canceled long before these appellees ever asserted any claim against the Sinking Fund Commissioners and besides there is no testimony sufficient to show that they were even purchasers and certainly no obligation or contract existing between them and the state at any time with reference to this Turnpike stock.

The purchase by Todd was in good faith for himself, and it is uncertain whether Crutcher and Saviglet ever had any claim that they could have enforced as against Todd. But it is certain that the state was not aware of any purchaser except Todd who made the bid in his own behalf and, so far as the state was concerned, on his own responsibility.

He executed a bond with sureties and was in a good condition to enforce the contract, but instead of doing so he destroyed this bond in 1872 and has never asserted any claim since and is not now asserting any. The state regarded him as the principal in the purchase and in the bond given by him and at no time was informed that the purchase was made for others. The act of 1871 authorizing this turnpike stock to be sold was repealed by the act of 1872 but before this repeal Todd had purchased and could have enforced this purchase because the legislature had no power to annul the contract. But the contract was annulled or abandoned by Todd as the proof clearly shows and whether in ignorance of his rights or becoming satisfied with the state's action is not necessary to inquire.

The bond was surrendered in 1872 and from that time until 1880, a period of eight years, nothing more transpired between the parties. There was no demand made of the stock, no offer to pay for it, or

any other action on the part of the appellees or any of them as would have induced even the suspicion of their claim until this suit was brought. The execution of the bond may not have been necessary to the creation of the contract. It was in fact a purchase when the bid was made and accepted, but a failure to comply in any manner for the period of eight years shows such an abandonment as neither ignorance of law nor facts will excuse. The state according to the proof in this case did not really know that the plaintiffs were parties to the transaction and after such a lapse of time it is urged that these unknown parties to the contract can enforce it. It is certain that it could not have been enforced against Todd, and when the dividends from the road has paid off half or more than the purchase price, strangers to the contract so far as the state is concerned ought not to be allowed to enforce it. After the repeal of the law and the destruction of the bond by Todd it can not be argued that the state could have compelled Todd to comply, and after Todd's acquiescence for eight years he is not entitled to relief and certainly parties who never contracted with the state have no legal or equitable rights in the premises. None of the appellees have parted with their money or occupy any position by reason of the contract with Todd that would create an equity in their behalf or entitle them to relief on the ground of fraud or mistake. Ignorance of one's rights will not prevent the statute from running and we know of no case decided by this court where the plea of the statute of limitations has been defeated for no other reason than that the party supposed if he sued he could not recover. This court has held in several cases where one has parted with his money without any consideration and which in good conscience ought not to be held against him that he may sue and recover it, but to hold that the statute did not run because the party supposed he was without remedy to enforce a contract upon which he had never paid any consideration would be carrying the doctrine to a greater extent than is recognized by any rule of law, or precedent established in this or any other court. The testimony of Todd shows that he was making the purchase neither as a speculation nor as an investment, but did not want the stock controlled by those who were not living on or near the road and interested in keeping it up, and when he saw that it was still left under the control of the state he felt that his purposes were accomplished although in favor of a

sale of the stock, and being also a member of the legislature he did not wish to antagonize the wishes of the majority, by resisting their alleged power to cancel his purchase.

We see no legal or equitable claim on the part of the appellees and the judgment below must be *reversed* with directions to dismiss the petition.

*P. W. Hardin, for appellants.*

*D. W. Lindsay, for appellees.*

[Cited in *Pope v. Brassfield,* 110 Ky. 136, 22 Ky. L. 1613, 61 S. W. 5.]